

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS **MAGISTRATE JUDGE NOLAN**
EASTERN DIVISION

UNITED STATES OF AMERICA )     **JUDGE RONALD GUZMAN**
                                  )
                                  )
                                  )
      v.                             )     Case No. 07 CR 799
                                  )
                                  )
JU WEN ZHOU, a/k/a "Goi,"           )     Violation: Title 21, United States
KENNETH QUOC LUONG, a/k/a "Kenny,"   )     Code, Sections 841(a)(1), 846
YVONNE LAW                        )     963, and Title 18, United States
SU JUNG CHEN, a/k/a "Tina,"         )     Code, Sections 2 and 1001(a)
SUSAN CHEN, a/k/a "Sue,"           )
THOMAS MAN LUNG LO, a/k/a "Tommy Lo," )
YONG OUYANG, a/k/a "Alun,"         )
LI XIEN WU, a/k/a "Ray,"            )
SEJIN OH, a/k/a "Lee,"              )     **INDICTMENT**
JONG KYUN CHAE, a/k/a "Big John,"     )
CARLO PANADERO, a/k/a "Chito" and "Ted," )
CARLOS PANADERO JR., a/k/a "CJ,"     )
JUNG BAE, a/k/a "John,"            )
MELVIN DUMANLANG,             )
ANDREW SO,                     )
HENRY CHUN,                 )
MICHAEL CRUZ,              )
ROBERTO VALDEZ,            )
MICHAEL MYINT,             )
JORGE HUERTA,             )
JOAHAN TRUJILLO,           )
IVAN MYINT,                  )
JERRY LEFT, and            )
HUBERT CHOW              )

FILED

J N FEB 13, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL MARCH 2007 GRAND JURY charges:

1.   Beginning in or about November 2003, and continuing until in or about 2006,

at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JU WEN ZHOU, a/k/a "Goi,"
KENNETH QUOC LUONG, a/k/a "Kenny,"
YVONNE LAW
SU JUNG CHEN, a/k/a "Tina,"
SUSAN CHEN, a/k/a "Sue,"
THOMAS MAN LUNG LO, a/k/a "Tommy Lo,"
YONG OUYANG, a/k/a "Alun,"
LI XIEN WU, a/k/a "Ray,"
SEJIN OH, a/k/a "Lee,"
JONG KYUN CHAE, a/k/a "Big John,"
CARLO PANADERO, a/k/a "Chito" and "Ted,"
CARLOS PANADERO JR., a/k/a "CJ,"
JUNG BAE, a/k/a "John,"
MELVIN DUMANLANG,
ANDREW SO,
HENRY CHUN,
MICHAEL CRUZ,
ROBERTO VALDEZ,
MICHAEL MYINT,
JORGE HUERTA,
JOAHAN TRUJILLO,
IVAN MYINT,
JERRY LEFT, and
HUBERT CHOW,

defendants herein, did conspire with each other and with others known and unknown to the Grand Jury to knowingly and intentionally possess with the intent to distribute and distribute controlled substances, namely, more than 500 grams of mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance, and 100 kilograms or more of mixtures containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.    It was part of the conspiracy that defendants JU WEN ZHOU and KENNETH QUOC LUONG, as well as Coconspirator A, who were Canadian-based (hereinafter,

collectively the "Canadian suppliers"), arranged to obtain large quantities of MDMA (some of which contained methamphetamine) and indoor-grown ("hydroponic") marijuana from Canada for distribution in the United States and elsewhere.

3.    It was further part of the conspiracy that the Canadian suppliers negotiated with various wholesale customers operating in the greater Chicago area and elsewhere, including defendants SEJIN OH and IVAN MYINT, to supply large quantities of MDMA (some of which contained methamphetamine) and hydroponic marijuana to these wholesale customers for resale to others.

4.    It was further part of the conspiracy that the Canadian suppliers arranged to have large quantities of MDMA (some of which contained methamphetamine) and hydroponic marijuana smuggled from Canada into the United States and transported to the greater Chicago area and elsewhere for distribution to others. Defendant YVONNE LAW assisted Coconspirator A, one of the Canadian suppliers, by smuggling MDMA (some of which contained methamphetamine) and hydroponic marijuana from Canada into the United States for distribution to wholesale customers in the greater Chicago area and elsewhere.

5.    It was further part of the conspiracy that the Canadian suppliers arranged to have United States Currency derived from the sale of MDMA, methamphetamine and hydroponic marijuana supplied by them (hereinafter, "cash narcotics proceeds") smuggled, transported, or otherwise transferred from the greater Chicago area and elsewhere to the Canadian suppliers in Canada. Defendants SU JUNG CHEN, SUSAN CHEN and YVONNE LAW assisted various of the Canadian suppliers by collecting cash narcotics proceeds in the greater Chicago area and elsewhere and smuggling, transporting and

-3-

transferring the cash narcotics proceeds to the Canadian suppliers in Canada.

6.      It was further part of the conspiracy that defendants  THOMAS MAN LUNG LO and YONG OUYANG assisted the Canadian suppliers in the negotiations with various wholesale customers, including defendants SEJIN OH and IVAN MYINT, for the supply of large quantities of MDMA (some of which contained methamphetamine) and hydroponic marijuana to these customers.

7.      It was further part of the conspiracy that SEJIN OH and IVAN MYINT and other co-conspirators obtained large quantities of MDMA (some of which contained methamphetamine) and hydroponic marijuana on multiple occasions from the Canadian suppliers. The Canadian suppliers typically "fronted" the MDMA (some of which contained methamphetamine) and hydroponic marijuana to SEJIN OH and IVAN MYINT, meaning the narcotics were provided at no cost or a fractional portion of the cost with the understanding that SEJIN OH and IVAN MYINT would pay the Canadian suppliers for the narcotics after the narcotics had been resold to third parties.

8.      It was further part of the conspiracy that SEJIN OH and IVAN MYINT distributed and caused wholesale quantities of these narcotics to be distributed in the greater Chicago area and elsewhere through their own narcotics distribution "crews" which they each directed.

9.      It was further part of the conspiracy that defendants JONG KYUN CHAE, CARLO PANADERO, CARLOS PANADERO JR., JUNG BAE, MELVIN DUMANLANG and ANDREW SO were members of SEJIN OH's crew. The members of this crew, on behalf and under the direction of SEJIN OH, participated in the distribution of MDMA (some of which contained methamphetamine) and hydroponic marijuana obtained from the

-4-

Canadian suppliers in various ways, including storing the narcotics, delivering the narcotics to customers, delivering the narcotics to other crew members, and collecting cash narcotics proceeds.

10.     It was further part of the conspiracy that defendants MICHAEL CRUZ, ROBERTO VALDEZ, JERRY LEFT, HUBERT CHOW, MICHAEL MYINT and other co-conspirators were members of IVAN MYINT's crew and, under the direction of IVAN MYINT, participated in the distribution of MDMA (some of which contained methamphetamine) and hydroponic marijuana obtained from the Canadian suppliers in various ways, including storing the narcotics, delivering the narcotics to customers, delivering the narcotics to other crew members, collecting cash narcotics proceeds, and maintaining records (" drug ledgers") of the quantities of narcotics sold by the crew and the amounts of money owed for these narcotics.

11.     It was further part of the conspiracy that various of the Canadian suppliers supplied large quantities of MDMA and hydroponic marijuana to other wholesale customers in the greater Chicago area, including defendants THOMAS MAN LUNG LO and HENRY CHUN. The Canadian suppliers typically fronted these narcotics to these customers.

12.     It was further part of the conspiracy that on multiple occasions the SEJIN OH crew, the IVAN MYINT crew and THOMAS MAN LUNG LO sold wholesale quantities of MDMA (some of which contained methamphetamine) and hydroponic marijuana which they had obtained from the Canadian suppliers to various individuals, including defendant JORGE HUERTA, for distribution to others. These narcotics were typically fronted to defendant JORGE HUERTA.

13.     It was further part of the conspiracy that, on or about January 26, 2005, IVAN MYINT, after having been arrested by federal law enforcement for a drug trafficking offense and thereafter released on bond, fled the Northern District of Illinois so that he could avoid prosecution and continue his unlawful drug trafficking activity.

14.     It was further part of the conspiracy that, after his arrest and flight, IVAN MYINT engaged and attempted to engage in narcotics trafficking activity with the Canadian suppliers and other co-conspirators.

15.     It was further part of the conspiracy that MICHAEL MYINT, HUBERT CHOW and others assisted IVAN MYINT in such flight. Among other things, MICHAEL MYINT gave to IVAN MYINT an identification card for MICHAEL MYINT so that IVAN MYINT, if questioned by law enforcement authorities, could avoid arrest by falsely representing himself to be MICHAEL MYINT; transmitted, and caused to be transmitted money to IVAN MYINT in Mexico; and falsely told law enforcement officers that he was unaware of IVAN MYINT's whereabouts.

16.     It was further part of the conspiracy that defendants and other co-conspirators, would and did conceal and hide, and cause to be concealed and hidden, the purposes of the acts done in furtherance of the conspiracy, and would and did use surveillance, counter-surveillance techniques, coded language and other means to avoid detection and apprehension by law enforcement authorities and otherwise to provide security to the members of the conspiracy.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

-6-

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

Beginning in or about November 2003, and continuing until in or about June 2006,

at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JU WEN ZHOU, a/k/a "Goi,"
KENNETH QUOC LUONG, a/k/a "Kenny,"
YVONNE LAW
SU JUNG CHEN, a/k/a "Tina,"
SUSAN CHEN, a/k/a "Sue,"
THOMAS MAN LUNG LO, a/k/a "Tommy Lo,"
YONG OUYANG, a/k/a "Alun,"
LI XIEN WU, a/k/a "Ray,"
SEJIN OH, a/k/a "Lee,"
JONG KYUN CHAE, a/k/a "Big John,"
CARLO PANADERO, a/k/a "Chito" and "Ted,"
MELVIN DUMANLANG,
HENRY CHUN,
JORGE HUERTA, and
IVAN MYINT,

defendants herein, did conspire with each other and with others known and unknown to

the Grand Jury to knowingly and intentionally import into the customs territory of the United

States from a place outside the United States, namely, Canada, controlled substances,

namely, more than 500 grams of mixtures containing a detectable amount of

methamphetamine, a Schedule II Controlled Substance, and quantities of

3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a

Schedule I Controlled Substance, and 100 kilograms or more of mixtures containing

marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code,

Sections 952(a) and 960;

All in violation of Title 21, United States Code, Section 963, and Title 18, United

States Code, Section 2.

-7-

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about February 4, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SEJIN OH, a/k/a "Lee,"
CARLO PANADERO, a/k/a "Chito" and "Ted," and
MELVIN DUMANLANG,

defendants herein, knowingly and intentionally distributed mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-8-

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about July 9, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

JORGE HUERTA, and
JOAHAN TRUJILLO,

defendants herein, knowingly and intentionally distributed mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

The **SPECIAL MARCH 2007 GRAND JURY** further charges:

On or about July 13, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

### SEJIN OH, a/k/a "Lee,"

defendant herein, knowingly and intentionally distributed mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT SIX</u>

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about July 14, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

SEJIN OH, a/k/a "Lee,"

defendant herein, knowingly and intentionally distributed mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about July 29, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

### SEJIN OH, a/k/a "Lee,"

defendant herein, knowingly and intentionally distributed mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about August 17, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

SEJIN OH, a/k/a "Lee,"

defendant herein, knowingly and intentionally distributed 50 grams or more of mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about August 27, 2004, at Skokie, in the Northern District of Illinois, Eastern Division,

SEJIN OH, a/k/a "Lee," and
ANDREW SO,

defendants herein, knowingly and intentionally distributed 50 grams or more of mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT TEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about November 22, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

### IVAN MYINT, and
### ROBERTO VALDEZ,

defendants herein, knowingly and intentionally distributed 50 grams or more of mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about November 23, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

                    IVAN MYINT, and
                    ROBERTO VALDEZ,

defendants herein, knowingly and intentionally distributed 50 grams or more of mixtures containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT TWELVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about January 9, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### IVAN MYINT,

defendant herein, knowingly and intentionally distributed mixtures containing 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

-17-

## COUNT THIRTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about January 27, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

### MICHAEL MYINT,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, defendant MICHAEL MYINT falsely informed law enforcement officers that he was completely unaware of IVAN MYINT's then present whereabouts when, in fact, as defendant MICHAEL MYINT well knew, IVAN MYINT had fled the Northern District of Illinois on or about January 26, 2005, en route to Mexico;

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations of Counts One through Twelve of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States pursuant to the provisions of Title 21, United States Code, Section 853.

2.     As a result of the offenses alleged in Counts One through Twelve of this Indictment,

> JU WEN ZHOU, a/k/a "Goi,"
> KENNETH QUOC LUONG, a/k/a "Kenny,"
> YVONNE LAW
> SU JUNG CHEN, a/k/a "Tina,"
> SUSAN CHEN, a/k/a "Sue,"
> THOMAS MAN LUNG LO, a/k/a "Tommy Lo,"
> YONG OUYANG, a/k/a "Alun,"
> LI XIEN WU, a/k/a "Ray,"
> SEJIN OH, a/k/a "Lee,"
> JONG KYUN CHAE, a/k/a "Big John,"
> CARLO PANADERO, a/k/a "Chito" and "Ted,"
> CARLOS PANADERO JR., a/k/a "CJ,"
> JUNG BAE, a/k/a "John,"
> MELVIN DUMANLANG,
> ANDREW SO,
> HENRY CHUN,
> MICHAEL CRUZ,
> ROBERTO VALDEZ,
> MICHAEL MYINT,
> JORGE HUERTA,
> JOAHAN TRUJILLO,
> IVAN MYINT,
> JERRY LEFT, and
> HUBERT CHOW,

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), the following property and interests: All

-19-

property constituting and derived from any proceeds the defendants obtained, directly and indirectly, as a result of their violations of Title 21, United States Code, Sections 841(a)(1), 846 and 963 as charged in this Indictment; and all property used, and intended to be used, in any manner or part to commit and to facilitate the commission of said violations.

3.      The interests of the defendants, jointly and severally, subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, include, but are not limited to approximately $1,500,000 in United States Currency representing proceeds of the narcotics distribution organization.

4.      By virtue of the defendants' commission of the offenses charged in Counts One through Twelve of this Indictment, all right, title or interest that any defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

5.      If any of the funds described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

(a)     Cannot be located upon the exercise of due diligence;

(b)     Has been transferred or sold to, or deposited with, a third party;

(c)     Has been placed beyond the jurisdiction of the court;

(d)     Has been substantially diminished in value; or

(e)     Has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to the provisions of Title 21, United States Code, Section 853(p), to seek forfeiture of substitute property belonging to defendants;

-20-

All pursuant to Title 21, United States Code, Section 853.


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY